## SCHROEPPELL *vs.* CORNING.

In an action of trover for goods, or things in action, received by the defendant in violation of the statutes against usury, the declaration must conform to the statute (2 *R. S.* 352, § 3); and if it do not, an objection made on the trial to a recovery will be fatal.

Schroeppell *v.* Corning, 5 Denio 236, affirmed.

APPEAL from the supreme court, where an action of trover was brought by Henry W. Schroeppell against Richard S. Corning, for the conversion of three bonds and mortgages. The declaration was in the usual form, stating that on, &c., at, &c., the plaintiff was possessed of certain bonds and mortgages (describing them), and casually lost them, and the same, afterwards, came to the possession of the defendant by finding; yet the defendant, well knowing, &c., refused to deliver them to the plaintiff, and converted and disposed of the same to his own use. The defendant pleaded not guilty, the statute of limitations, and gave notice of special matter. On the trial, at the Onondaga circuit, before WHITING, circuit judge, in April, 1845, the *defendant objected to the introduction of any evidence to sustain the action, on the ground that the declaration did not [*133 refer to the statute (2 *R. S.* 352, § 3) enacting that " if an action of trover be brought for any goods or other thing received contrary to the provisions of any statute, the plaintiff shall set forth in his declaration that such goods or other things were converted by the defendant contrary to the provisions of such statute, referring to the same as prescribed in the preceding sections." The objection was overruled, and the defendant excepted. The plaintiff then gave evidence tending to show that the bonds and mortgages in question had been usuriously transferred by him to the defendant, and that the defendant, before the commencement of the suit, had sold and converted them to his own use. It was insisted on the part of the plaintiff, that the defendant had acquired no title to the bonds and mortgages through such usurious transfer, and that having sold and converted them, he was liable in trover for their value. The defendant, among other grounds of defence, insisted, that upon the evidence the

2 COMST.—9

plaintiff could not recover under his delaration.  The plaintiff had a verdict, and the defendant made a bill of exceptions, embracing several questions which arose on the trial.  The supreme court granted a new trial, a majority of the justices thereof being of opinion that the cause of action had accrued more than six years before the commencement of the suit, and therefore that the action was barred by the statute of limitations.  The plaintiff appealed to this court.

*Geo. F. Comstock,* for appellant.

*John Ruger,* for respondent.

After advisement, THE COURT were of opinion that the declaration should have conformed to the statute above mentioned and that a new trial should be granted on that ground.  No decision was made upon the other questions in the cause.

New trial granted.[1]

[1] It is still necessary that usury be specially pleaded.  *Haywood* v. *Jones,* 10 Hun 500.  " It must be pleaded with such precision and certainty, as to make out, on the face of the pleading, that a corrupt and usurious contract has been entered into."  *Bank of Auburn* v. *Lewis,* 77 N. Y. 519.  Nevertheless, the Code has altered the strict rule, which formerly prevailed, as to the effect of a variance between the averment and proof of usury.  *Catlin* v. *Gunter,* 11 N. Y. 368.  *Dugal* v. *Simmons,* 23 Ibid. 491.  *Duel* v. *Spence,* 1 Abb. Dec. 559.  *Fay* v. *Grimstead,* 10 Barb. 321.  The transaction must be correctly set out in substance ; but an immaterial variance between the pleading and evidence, tending to prove the usurious agreement, but not in its entire scope and meaning, may be disregarded.  *Clayes* v. *Hooker,* 4 Hun 231.  *Maule* v. *Crawford,* 14 Ibid. 193.  But a material variance in setting out the contract, is fatal.  *Griggs* v. *Howe,* 2 Abb. Dec. 91 ; s. c. 31 Barb. 100 ; *Farmers' and Mechanics' Bank* v. *Lang,* 22 Hun 372.